UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

# CIVIL MINUTES

**Case No.:** CV 09-1063 HA  **Date:** July 22, 2010

**Case Title:** Gordon v Wells Fargo

**Presiding Judge:** **ANCER L. HAGGERTY**  **Courtroom Deputy:** n/a

**Reporter:** n/a  **Tape No:**

**DOCKET ENTRY:**

RECORD OF ORDER:

The Motion to Dismiss [43] filed by defendants Wells Fargo and Gombos is granted in part and denied in part. Plaintiff's claims against these defendants are dismissed as follows:

plaintiff's Intentional Infliction of Emotional Distress claim, Intentional Interference with Contractual Relations claim, and plaintiff's claims under the Expedited Funds Availability Act, the Electronic Fund Transfer Act, and the Equal Credit Opportunity Act are all time-barred under the applicable statutes of limitation.

Plaintiff's claims brought under ORS 74.4020, seeking individual liability against defendant Gombos are dismissed on grounds that the statute does not provide for liability against an individual.

plaintiff's claims regarding factual assertions against these defendants for cashing a post-dated check and then charging overdraft fees due to the insufficiency of funds in the account to cover the post-dated check are stricken with leave for a final opportunity to re-plead with sufficient assertions that plaintiff gave proper notice to the bank not to accept a posted check.  See ORS 74.4010.   Plaintiff's present allegations regarding the post-dated check as to these defendants fail to state an cause of action upon which relief can be granted.

Plaintiff is granted leave to attempt to re-plead claims against these defendants.  Any renewed claim must be in accordance with the pleading requirements of this court's Local Rules and the Federal Rules of Civil Procedure.  All renewed pleadings against these defendants must be filed no later than August 27, 2010.  Plaintiff's "Motion to Continue Proceedings" [54] is denied as moot in light of the revised schedule provided.

A ruling on the Motion for Summary Judgment by defendants City of King City and Officer Shane Robinson [47] is reserved.  By this Order plaintiff is advised that this motion, if granted, end your case as to these defendants.  This court upholds a policy of liberal construction in favor of pro se litigants.  Nevertheless, a district court may dismiss an action in accordance with well-taken motions, and for a pro se party's failure to comply with Local Rules or the Federal Rules of Civil Procedure.  When a plaintiff has received adequate notice of a complaint's deficiencies and has been given an opportunity to amend, a court may proceed with dismissal.  If a non-prisoner pro se plaintiff has adequate notice of the insufficiencies of plaintiff's action at bar, the court need not grant leave to further amend.  Here, plaintiff is granted leave to file a final Sur-Reply in opposition to the summary judgment motion no later than August 27, 2010.  All defendants shall file responsive briefing by September 15, 2010.  The court will consider the summary judgment motion, and the sufficiency of any re-pled claims against the bank  defendants, after that date.

**Civil Minutes**
**Revised 3/15/96**

Page 2    CV 10-1063  Gordon v Wells Fargo

Pursuant to party-stipulations, defendant Allied Cash Advance, LLC is dismissed with prejudice.  Defendants Jamie Chownyk and Jessica Engraf are dismissed with prejudice as to all employment scope claims, and dismissed without prejudice as to all claims alleging actions undertaken outside their scope of employment.

Plaintiff's request for a court conference [71] is denied with leave to renew after filings are submitted on August 27, 2010.

**Civil Minutes**
**Revised 3/15/96**